1  AMBER HENRY (SBN 247624)
   ahenry@eisnerlaw.com
2  EISNER, LLP
   9601 Wilshire Blvd., 7th Floor
3  Beverly Hills, California 90210
   Telephone: (310) 855-3200
4  Facsimile: (310) 855-3201

5  Attorneys for Defendant Medicredit, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ASHLEY AMY SOMERS, | Case No. 2:21-cv-0449 |
|---|---|
| Plaintiff, | **NOTICE OF REMOVAL** |
| vs. | **(FEDERAL QUESTION)** |
| MEDICREDIT, INC.; DOES 1-10 inclusive, | 28 U.S.C. §§ 1331, 1441 |
| Defendant. | |

# DEFENDANT MEDICREDIT, INC.'S NOTICE OF REMOVAL

Defendant Medicredit, Inc. ("Medicredit") hereby removes this case, originally filed by plaintiff, Ashley Amy Somers ("Plaintiff") in the Superior Court of the State of California, County of Los Angeles, under the case number 20STLC10343, to the United States District Court for the Central District of California, pursuant to 9 U.S.C. 205 and 28 U.S.C. §§ 1331, 1441, and 1446, and in support of removal, respectfully states as follows:

1. Medicredit is named as defendant in Case No. 20STLC10343, filed in the Superior Court of the State of California for the County of Los Angeles (the "State Court"), styled *Ashely Amy Somers v. Medicredit, Inc.* (the "State Court Action").

2. Plaintiff filed her Complaint (the "Complaint") in the State Court Action on or about December 11, 2020, and Defendant received a copy of the Complaint on December 16, 2020, by priority mail. Copies of the pleadings served in the State Court Action including the Complaint and Summons are attached hereto as Exhibits 1, 2, and 3.

3. In the Complaint in the State Court Action, Plaintiff brings four counts: (1) alleged violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq*. (the "RFDCPA"); (2) alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA"); (3) alleged

negligent violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA"); and (4) alleged intentional violation of the TCPA.

4. Any civil action is removable if the plaintiff could have originally brought the action in federal court. *See* 28 U.S.C. § 1441(a).

5. Under 28 U.S.C. § 1331, this Court has original federal question jurisdiction over Plaintiff's claims based, in part, on alleged violations of the FDCPA and TCPA.

6. Accordingly, pursuant to 28 U.S.C. § 1441(a), Defendant has the right to remove the State Court Action to this Court, without regard to the citizenship or residency of the parties or the amount in controversy.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(b) because the U.S. District Court for the Central District of California is the federal judicial district embracing the Superior Court of the State of California for the County of Los Angeles where the State Court Action was originally filed.

8. By this Notice of Removal, Defendant does not waive any defenses, jurisdictional or otherwise, which it may possess. Defendant also does not concede that Plaintiff has stated a claim against it.

9. Contemporaneous with the filing of this Notice of Removal in this Court, Defendant has filed and served its Notice of Filing of Notice of Removal with the State Court and will provide written notice of the filing to all adverse parties.

WHEREFORE, in accordance with the authorities set forth above, Defendant hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California.

DATED: January 15, 2021			EISNER, LLP

				By:	/s/ Amber D. Henry
					AMBER HENRY
					Attorneys for Defendant Medicredit, Inc.