Electronically FILED by Superior Court of California, County of Los Angeles on 12/22/2020 05:58 PM Sherri R. Carter, Executive Officer/Clerk of Court, by L. Castillejo, Deputy Clerk
Case 2:21-cv-00445-PA-JC Document 1-1 Filed 01/15/21 Page 1 of 9 Page ID #:5
Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: James Blancarte

Whitney D. Ackerman Esq. (SBN: 284340)
**THE LAW OFFICE OF WHITNEY D. ACKERMAN**
17326 Tiara St
Encino CA 91316
T: (818) 426-9591
F: (866) 610-6540
Wackerma@gmail.com

Attorney for Plaintiff
*ASHLEY AMY SOMERS*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES
## LIMITED JURISDICTION

| | |
|---|---|
| ASHLEY AMY SOMERS, <br><br> Plaintiff, <br><br> vs. <br><br> MEDICREDIT, INC.; DOES 1-10 Inclusive, <br><br> Defendant. | Case No. 20STLC10343 <br><br> **COMPLAINT** <br><br> 1. Violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.*; <br> 2. Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*; <br> 3. Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227; and <br> 4. Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227. <br><br> **JURY REQUESTED** |

### I. INTRODUCTION

1. Plaintiff ASHLEY AMY SOMERS (hereinafter, "Plaintiff") brings this action against Defendant MEDICREDIT, INC. (hereinafter, "Defendant") for its breach of their duty to respect Plaintiff's consumer and debtor rights to be free of unscrupulous and unfair debt collection practices, to wit, Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §

1692, *et seq.* ("FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices in connection with the collection of alleged debts.

2. Additionally, Plaintiff further alleges claims for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.* (hereinafter "TCPA").

## II. PARTIES

3. Plaintiff, ASHLEY AMY SOMERS ("Plaintiff"), is a disabled person as defined by Cal. Civ Code. §3345 and is a natural person residing in Los Angeles County in the state of California, and is a "debtor" and a "consumer" as the terms are defined by the RFDCPA, Cal. Civ. Code §1788.2(h) and the FDCPA, 15 U.S.C. § 1692a(3), respectively. Also, Plaintiff is a "person" as defined by Cal. Pen. Code § 632(b). Furthermore, Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

4. At all relevant times herein, Defendant MEDICREDIT, INC. (hereinafter, "Defendant"), Defendant was a company engaged, by use of the mails and telephones, as well as through other means, in the business of collecting a debt which qualifies as "consumer debt" and "debt" as the terms are defined under Section 1788.2(f) of the RFDCPA and Section 1692a(5) of the FDCPA, respectively, on behalf of themselves as well as on behalf of a third party original creditor, and is therefore a "debt collector" as the term is defined under Section 1788.2(c) of the RFDCPA and Section 1692a(6) of the FDCPA. Defendant is also a "person" as the term is defined under 47 U.S.C. § 153(39)

5. Further, Defendant uses an "automatic telephone dialing system" as defined by the TCPA, 47 U.S.C. §227

6. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

### III. FACTUAL ALLEGATIONS

8. At various and multiple times prior to the filing of the instant Complaint and within one year thereof, Defendants contacted Plaintiff in connection with collection on an alleged medical debt.

9. Within the last year, Plaintiff began receiving harassing telephone calls from Defendant to her cellular telephone ending in -0289.

10. Defendant's calls were made in connection with collection on an alleged debt.

11. Defendant has called Plaintiff excessively in connection with collection on an alleged debt.

12. Defendant called Plaintiff August 19, 2020 at 11:24 a.m p.s.t from 800-777-9929 and left an automated pre-recorded message voice message.

13. Defendant called Plaintiff August 19, 2020 at 12:33 p.m p.s.t from 800-777-9929 and left an automated pre-recorded message voice message.

14. Defendant called Plaintiff August 26 2020 at 12:33 p.m p.s.t from 800-777-9929 and left an automated pre-recorded message voice message.

15. Defendant called Plaintiff September 17, 2020 at 11:24 a.m p.s.t from 800-777-9929 and left an automated pre-recorded voice message.

16. The voicemail's stated that "We are calling from MediCredit on behalf of St. Joseph Hospital and Medical Center..."

17. These calls were made in connection with the collection of an alleged debt.

18. Defendant did not have consent to contact Plaintiff using pre-recorded messages of any kind.

19. Plaintiff's counsel has requested that Defendant produce a copy of an agreement between Plaintiff and the original creditor.

20. Defendant has failed to produce the requested contract and in doing so has failed to prove that the debt belongs to Plaintiff, yet continues to attempt to collect despite not having a valid and enforceable agreement.

21. Given the lopsided balance of bargaining power between consumers such as Plaintiff and powerful and financially robust debt collectors such as Defendant, Defendant knew or should have known that its conduct as herein described was reasonably calculated and likely to result in Plaintiff being confused, harassed, anxious, and without a reasonable means of responding to Defendant's debt collection efforts without the assistance of counsel.

22. Defendant also used an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), to place its collection calls to Plaintiffs seeking to collect the debt allegedly owed.

23. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

24. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

25. RFDCPA, Cal. Civ. Code § 1788.17 mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b through 1692j of the FDCPA, inclusive of, and shall be subject to the remedies of Section 1692k of Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §§ 1692d & 1692d(5).

26. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including without limitation the following:

    a. Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal. Civ. Code § 1788.11(d));

    b. Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute harassment to Plaintiff under the circumstances (Cal. Civ. Code § 1788.11(e));

    c. Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (15 U.S.C. § 1692c(a)(1));

    d.    Any conduct the natural consequence of which is to harass, oppress, or abuse any person (15 U.S.C. § 1692d);

    e.    Caused the phone to ring or engaged any person in telephone conversations repeatedly (15 U.S.C. § 1692d(5));

    f.    Using unfair or unconscionable means in connection with an attempt to collect an alleged debt (15 U.S.C. § 1692f).

27. Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law (15 U.S.C. § 1692 f(1).

28. Defendant's conduct as herein described runs afoul of the above-stated RFDCPA provisions among others.

29. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages, and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual, and punitive damages, along with attorney's fees and costs, as well as such other relief permitted by law and which this Court deems due and proper.

30. Despite having ample time and resources to prevent the conduct of which Plaintiff herein complains, Defendant still violated her rights as herein alleged.

31. As a result of Defendant's actions, Plaintiff has retained counsel. Plaintiff's counsel sent a notice of representation. Defendant has since failed to adequately respond to Plaintiff's attempts to resolve the matter without litigation thereby rendering the present suit necessary to protect and enforce her rights.

32. Plaintiff relied on these representations by obtaining counsel and purchasing additional credit monitoring services and expending economic resources thereon in the form of both time and money.

33. That is, because of Defendant's conduct and misrepresentations as herein described, Plaintiff had to hire an attorney as well as purchase additional credit monitoring services and thereby lost money that he otherwise would not have but for Defendant's conduct and misrepresentations.

34. Plaintiff reaped no benefit whatsoever from Defendant's conduct and received nothing from Defendant.

35. As a result of Defendant's conduct as described herein, Plaintiff has suffered economic and emotional harm, and Plaintiff here and now seeks recompense from Defendant's for its violations of the RFDCPA, FDCPA, and TCPA. Plaintiff seeks to enjoin Defendant's conduct as well as any and all remedies available at law and any and all other remedies that the Court deems due, proper, and owing.

36. Defendant's conduct was malicious and oppressive as described above, in that it was so vile and loathsome so as to be considered despicable to a reasonable person. The actions here are to collect on a debt. A debt for medical necessities in a time when money and jobs are scarce. Worse, they are attempts to collect using knowingly illegal means, simply as a cost of doing business. The disregard for the law in order to pressure the Plaintiff qualify for this standard and thus allow Plaintiff to seek a punitive award in addition to the statutory and actual damages and attorney fees.

<u>COUNT I: VIOLATION OF<br>ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT<br>Cal. Civ. Code § 1788, *Et Seq.*</u>

37. Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs of this Complaint as if they were fully set forth herein.

38. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully in attempt to oppress and pressure Plaintiff into payment of an alleged and disputed debt.

39. Defendants are therefore liable to Plaintiff for their violations of the RFDCPA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:
    A. Actual damages;
    B. Statutory damages for all violations as well as for willful and negligent violations;
    C. Exemplary and punitive damages as determined by the Court or Finder of Fact;
    D. Treble damages pursuant to Cal. Civ. Code Section 3345.
    E. Costs and reasonable attorney's fees; and
    F. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *Et Seq.*

40. Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs of this Complaint as if they were fully set forth herein.

41. To the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully in attempt to oppress and pressure Plaintiff into payment of an alleged and disputed debt.

42. Defendant is therefore liable to Plaintiff for its numerous and egregious violations of the FDCPA.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.    Actual damages;
    B.    Statutory damages for all violations as well as for willful and negligent violations;
    C.    Exemplary and punitive damages as determined by the Court or Finder of Fact;
    D.    Treble damages pursuant to Cal. Civ. Code Section 3345.
    E.    Costs and reasonable attorney's fees; and
    F.    For such other and further relief as may be just and proper.

## COUNT III: NEGLIGENT VIOLATION OF
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227, et seq.

43. Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs of this Complaint as if they were fully set forth herein.

44. The foregoing acts and omissions of Defendant constitute negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*.

45. As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

46. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.    Plaintiff seeks an ORDER of temporary injunctive relief whereby Defendant is enjoined from using an Automated Telephone Dialing System or a Pre-recorded Voice Message as the terms are defined under the TCPA pending resolution of this action;

    B.    Actual damages;

    C.    Statutory damages for all violations as well as for willful and negligent violations;

    D.    As a result of Defendant's negligent violations of *47 U.S.C. §227 et seq.*, Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*;

    E.    For equitable relief enjoining Defendant from future violations;

    F.    Costs; and

    G.    Treble damages pursuant to Cal. Civ. Code Section 3345.

    H.    For such other and further relief as may be just and proper.

**COUNT IV: INTENTIONAL VIOLATION OF**
**TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227, et al.**

47. Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs of this Complaint as if they were fully set forth herein.

48. The foregoing acts and omissions of Defendant constitute knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*.

49. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C)*.

50. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.    Plaintiff seeks an ORDER of temporary injunctive relief whereby Defendant is enjoined from using an Automated Telephone Dialing System or a Pre-recorded Voice Message as the terms are defined under the TCPA pending resolution of this action;

    B.    Actual damages;

    C.    Statutory damages for all violations as well as for willful and negligent violations;

D. As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227 et seq.*, Plaintiff and the TCPA Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*;
E. Treble damages pursuant to Cal. Civ. Code Section 3345.
F. For equitable relief enjoining Defendant from future violations;
G. Costs; and
H. For such further relief as this Court deems necessary, just, and proper.

## IV. JURY

51. Plaintiff reserves her right under Section 16 of Article 1 of the Constitution of the State of California to a trial by jury and hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 7th day of December, 2020.

By: */S/ Whitney D. Ackerman*
Whitney D. Ackerman, Esq.
Law Offices of Whitney D. Ackerman
Attorney for Plaintiff, ASHLEY AMY SOMERS

**COMPLAINT**